## COLE v. THE DES MOINES VALLEY RAILROAD COMPANY *et al.*

**Des Moines River Lands:** POSSESSION UNDER HOMESTEAD ENTRY AFTER CANCELLATION: COLOR OF TITLE: STATUTE OF LIMITATIONS. The land in question belonged to the Des Moines River grant, and plaintiff entered it under the homestead law and took possession of it, in 1869, and filed his claim therefor in the proper United States land-office, and paid the proper fees; but in 1874 the commissioner of the general land-office cancelled his entry. He continued in possession, however, until July 2, 1885, when he brought this action to quiet his title. The defendant claims under the Des Moines Valley Railroad Company, whose right to the land became absolute on the first day of January, 1871, although it received no patent for the same until October 14, 1876. (See *Whitehead v. Plummer, ante,* p. 181.) *Held* that, since plaintiff was in open, notorious and adverse possession, under a claim of right, for more than ten years after defendant or its grantors might have maintained an action against him for possession or to quiet title, the statute of limitations had barred its rights, and that judgment was properly entered quieting the title in plaintiff.

*Appeal from Emmet District Court.*—HON. GEORGE H. CARR, Judge.

FILED, DECEMBER 19, 1888.

ACTION in equity to quiet title to real estate. The district court entered judgment for plaintiff. Defendants appeal.

*John F. Duncombe* and *McCarty & Linderman,* for appellants.

*John Jenswold, Jr.,* for appellee.

REED, J.—In December, 1869, plaintiff, acting on the claim that the land in controversy was public land, and subject to entry under the homestead statutes of the United States, went into possession of it, and filed his

claim therefor in the United States land-office, in the land-district in which it is situated, paying to the officers the fees allowed by the statutes in such cases. In 1874, the commissioner at the general land-office cancelled the entry, and on the twentieth of April, 1875, the secretary of the interior certified a list of land, including that in question, to this state, as inuring to it under the act of congress approved July 12, 1862, extending the grant of lands made in 1846 to the territory of Iowa to aid in the improvement of the Des Moines river from the Raccoon forks to the northern boundary of the state; and on the fourteenth of October, 1876, the governor of the state executed to defendant (the Des Moines Valley Railroad Company) a conveyance of the land as inuring to it under the act of March 31, 1868. Ch. 57, Laws 12th Gen. Assem. After the cancellation of his homestead entry, plaintiff remained in possession of the land, and continued to occupy, improve and cultivate it, up to the time of the institution of this suit, which was July 2, 1885. His possession was open, notorious, adverse, and under a claim of right, and extended to the whole tract. It was conceded in argument, in effect, that if defendant was the owner of the land for more than ten years before the institution of the suit, and could during that time have maintained an action for its recovery, the judgment quieting the title in plaintiff is right. The position of counsel, however, is that defendant was vested with the title and ownership by the conveyance from the state of October 14, 1876, and consequently, as the title and ownership prior to that was in the United States or the state, the statute of limitations did not begin to run in plaintiff's favor until that date. It will be observed that, with the single exception as to the date of the conveyance from the state, the facts with reference to defendant's title are like those in *Whitehead v. Plummer, ante,* p. 181. We held in that case that the act of congress of July 12, 1862, was a present grant of lands to the state. We also held that under the act of the general assembly of March 31, 1868, defendant became the absolute owner of

the property on the first of January, 1871 ; for it had then complied with the conditions upon which the grant was made. Being the owner, it could have maintained an action against plaintiff for recovery or to quiet its title at any time within ten years from that date. The fact that it did not receive a conveyance from the state until a later date is not material, for under the statute (Code, secs. 3246, 3273) such conveyance was not essential to its right to maintain the action.

ACTION.

AFFIRMED.

76　187
132　62

## KENT V. FRENCII.

**Arbitration and Award:** REFUSAL OF ONE ARBITRATOR TO ACT: AWARD BY OTHER TWO: PROTEST: WAIVER. Where a cause was submitted to three arbitrators, under an agreement that the decision of any two of them should be conclusive, but one of them declined to act, and one of the parties protested against the other two acting alone, but they proceeded to the hearing of the case, and agreed upon an award, *held* that such award was not binding upon the protesting party, although he appeared at the hearing before the two, without withdrawing his protest, and made the best showing he could. He was entitled at every stage of the proceeding to the benefit of the judgment, discretion, arguments and influence of each of the persons chosen to judge between him and his adversary.

*Appeal from Wapello District Court.*—HON. CHARLES D. LEGGETT, Judge.

FILED, DECEMBER 19, 1888.

THIS is an appeal by plaintiff from a judgment of the district court rendered upon an award of arbitrators.

*Chas. Hall* and *A. C. Steck*, for appellant.

*Williams & Jacques*, for appellee.